JENKINS' HEIRS *vs.* JENKINS' CURATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In an action by the heirs of a deceased brother against the succession of the other, for wages as clerk of the latter, when the evidence preponderates to show he was a partner of his deceased brother, he will be so considered, and a recovery of wages, as clerk, under these circumstances, refused.

This is an action by the attorney of the absent heirs of Francis W. Jenkins, against the curator of the succession of George G. Jenkins, also a deceased brother, to recover the sum of two thousand five hundred dollars, for wages as a clerk and mercantile agent of the house of George G. Jenkins, from the 18th June, 1836, to the 18th September, 1837, which services are alleged to be worth two thousand dollars per annum.

The curator refused to admit the claim, and pleaded a general denial ; he also pleaded a small demand in compensation of any sum which might be allowed the plaintiffs.

In the trial of the cause, the plaintiffs' demand was resisted mainly on the ground that F. W. Jenkins and George G. Jenkins were partners, under the name and firm of G. G. Jenkins & Co.

The judge of probates states that the plaintiffs' evidence went to raise the presumption that the partnership did not exist, but that this presumption is destroyed by the plaintiffs' ancestor signing the commercial signature of the firm as a

member thereof. There was judgment for the defendant, and the plaintiffs appealed.

Eastern Dist.

March, 1839.

JENKINS' HEIRS
vs.
JENKINS' CUR'TR

*Hoffman*, for the appellants.

*Maybin*, contra.

*Eustis, J.*, delivered the opinion of the court.

The plaintiff alleges, that the succession of George G. Jenkins is indebted to the heirs of Francis W. Jenkins, in the sum of two thousand five hundred dollars for services as chief clerk and mercantile agent, rendered to the deceased G. G. Jenkins, from the 18th June, 1836, to the 18th September, 1837, during the greater part of which time the former was in the entire charge of the mercantile business of the latter, who was then absent.

The plea was the general issue, and compensation for the sum of four hundred and ninety-three dollars twenty-six cents. There was judgment in the court below for the defendant, and the plantiff appealed.

The opinion of the judge of the Court of Probates was, that the deceased brothers were partners; the correctness of this opinion depends on a few facts, the consideration of which, induces us to acquiesce in it.

This mercantile business was transacted under the name of G. G. Jenkins & Co. Who the company was, does not appear; this important point of the case is left unexplained. Francis W. Jenkins, it is proved, endorsed a note in the name of the firm, and with his knowledge, as we think from the evidence, a suit was brought by the two brothers, as composing the firm of G. G. Jenkins & Co. Francis W. Jenkins had a power of attorney authorizing him to sign the name of his brother, but he had no authority to sign the name of *the firm*. His use of the name of the firm, we think, outweighs the evidence on the other side, which is entirely of a negative character. However the matter may stand between the parties, as the curator represents the creditors as well as the heirs of the deceased,

In an action by the heirs of a deceased brother against the succession of the other, for wages as clerk of the latter, when the evidence preponderates to show he was a partner of the deceased brother, he will be so considered, and a recovery of wages as clerk under these circumstances, refused.

and as we think the deceased Francis W. Jenkins in relation to creditors was a partner of the firm of G. G. Jenkins & Co., we affirm the judgment of the court below, with costs in both courts.